IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 15-00168-CG |
| | ) | |
| | ) | |
| MANILA CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER and MEMORANDUM OPINION

This matter is before the Court on a motion to dismiss the petition of Loan Nguyen ("Nguyen") seeking to adjudicate her interest in certain personal and real property addressed within the Court's Amended Preliminary Order of Forfeiture ("APOF") filed by the Government (Doc. 109), Nguyen's objection thereto (Doc. 112), and the Government's reply (Doc. 115).  Based on the following reasons, the Government's motion is **GRANTED**.

## I. FACTUAL BACKGROUND

Nguyen's husband, Manila Chicago ("Chicago"), pleaded guilty to three counts within an indictment charging, in Count 4, possession with intent to distribute marijuana, in Count 5, using, carrying, possessing a firearm in relation to and in the furtherance of a drug trafficking felony, and in Count 11, money laundering.  (Doc. 70).  The Indictment also alleged and included criminal forfeiture under 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), regarding certain properties.  (Doc. 1, pp. 7–8).  The Government later produced a Bill of Particulars naming additional properties.  (Doc. 27).  In the plea agreement, Chicago agreed "to the forfeiture of

any interest he has in the properties identified in the forfeiture allegations in the

indictment and the bill of particulars." (Doc. 70, p. 23).  Upon motion of the

Government (Doc. 77), the Court entered a Preliminary Order of Forfeiture (Doc.

78), which was later amended and is the APOF now in question (Doc. 80).

The APOF, which Nguyen would have the Court amend in her favor, was

entered on August 16, 2016.  Therein, the Court found that, based upon Chicago's

guilty plea and the Government's brief, adequate factual and legal support existed

to issue the APOF.  The APOF forfeited from Chicago the following property:

1. The contents of PNC Bank Account No. XXXXXX7406, a joint checking account held in the names of Manila Chicago and/or Loan Nguyen;

2. The contents of PNC Bank Account No. XXXXXX1595, a checking account held in the name of Loan Nguyen;

3. The residence of real property at 13915 Sprinkle Avenue, Mobile, Alabama, 36509;

4. The real property identified as Mobile County Parcel # R021309320000107.02 containing approximately 5.41 acres and legally described as following:

> COMG AT THE INT OF THE N/L OF THE S1/2 PF SEC 32, R2W, 7 THE E ROW/L OF U.S. HWY 45 RUN 06 DEG 08MIN 58 SEC W ALG SD E ROY/L 441.77 FT TO THE POB OF THE PARCEL HEREIN DESC.;

5. One black 2014 Ford Mustang Coupe, VIN 1ZVBP8CF7E5280204;

6. One Husqvarna lawn tractor, Model M-ZT61, Serial No. 042514B002339, including Kawasaki engine with Serial No. FS691VA29169; and

7. $14,769.00, more or less, in United States Currency.

(Doc. 8, p. 2–3).  After the Government provided notice of the APOF, Nguyen timely

filed her Petition as a third party with an interest in the property contained within paragraph 1, 2, 3, 4, and 7 above.  (Doc. 84).  On the same day, Nguyen filed her Supplemental and Amended Petition.  (Doc. 85).  The Government now moves to dismiss Nguyen's petitions for failure to state a legally sufficient claim upon which relief can be granted.

## II. ANALYSIS

Title 21, United States Code, Section 853(n) protects third parties who may have an interest in property subject to forfeiture by giving them a limited right to participate temporarily in a criminal case through a hearing called an ancillary proceeding.  *United States v. Cone*, 627 F.3d 1356, 1358 (11th Cir. 2010).  The purpose of an ancillary proceeding is to exempt the interest of qualifying third parties from criminal forfeiture.  *United States v. Ramunno*, 599 F.3d 1269, 1273 (11th Cir. 2010).  Any third party asserting a "legal interest" in forfeited property "may, within thirty days of the final publication of notice or h[er] receipt of notice … whichever is earlier, petition the court for a hearing to adjudicate the validity of h[er] alleged interest in the property." 21 U.S.C. § 853(n)(2).

Rule 32.2 of the Federal Rules of Criminal Procedure, however, provides that in "an ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, failure to state a claim, or for any other lawful reason."  Fed. R. Crim. Proc. 32.2(c)(1)(A).  A motion to dismiss a third party's claim is treated like a 12(b) motion in a civil case; all facts are assumed to be true.  *See United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007) (concluding under Rule 32.2(c)(1)(A),

the Government may move to dismiss a third party claim on any ground to which a 12(b) motion would apply in a civil case); *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004) (finding a motion to dismiss a third party claim in an ancillary proceeding is treated like a 12(b) motion in a civil case).  If, taking all facts alleged in the petition as true, it fails to set forth ground upon which the claim would prevail, the claim must be dismissed.  *United States v. Salti*, 579 F.3d 656, 669–70 (6th Cir. 2009) (finding a third party claim may be dismissed on the pleadings if, assuming all facts alleged in the claim to be true, claimant has not asserted a legal interest in the forfeited property).

## A. Pleading Requirements Under 21 U.S.C. § 853(n)(3)

Section 853(n)(3) requires a petition "be signed by the petitioner under penalty of perjury."  21 U.S.C. § 853(n)(3).  Further, the petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property" along with "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  *Id.*  These pleading requirements are not "simply technical requirements, but are construed strictly to discourage false or frivolous claims." *United States v. Ceballos-Lepe*, 977 F. Supp. 2d 1085, 1088–89 (D. Utah 2013) (citation omitted).

The Government contends that Nguyen failed to meet this standard because she "makes conclusory allegations that she is either the owner, co-owner, joint or equitable owner with an interest in the said property" by way of being an "innocent

owner, or because she personally paid or contributed for some or all of the property, either in her own right or with income otherwise legitimately earned or obtained." (Doc. 109, p. 9). Thus, the issue is whether Nguyen has set forth sufficient detail concerning the "nature and extent" of her ownership and "time and circumstances" of the acquisition of said interest within her Petition and Supplemental and Amended Petition as required by § 853(n)(3).

As to the personal property, it consists of $14,769.00 confiscated from Chicago at the Atlanta Airport and the contents of two accounts at PNC Bank. Neither the Petition nor the Supplemental and Amended Petition establish the nature and extent of Nguyen's ownership in the money confiscated at the Atlanta Airport. Instead, Nguyen asserts, in her own hand, that Chicago earned the money either working as a welder or gambling at a casino. (Doc. 84-1, p. 2). In other words, the money is Chicago's, not Nguyen's. But either way, the W2 or gambling receipts referenced in the exhibit attached to the Petition are not provided. *See* (Doc. 84-1). In regards to the two bank accounts, Nguyen provided documentation from PNC Bank, under which she claims to be either the sole account holder or joint owner with Chicago. (Doc. 84-1, pp. 3–4). Beyond this, Nguyen fails to explain the time and circumstances upon which she acquired an interest in the proceeds of either account. "In interpreting the 'time and circumstances' requirement, courts have held that a petition must 'do more than state [the] interest in a conclusory fashion." *United States v. Preston*, 123 F. Supp. 3d 108, 114 (D.D.C. 2015) (quoting *United States v. Kokko*, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007)).

Nguyen's bare-bones assertions regarding the cash and accounts are not enough.

As to the real property contained within the APOF, Nguyen provides a copy of the warranty deed for each property (Sprinkle Avenue and the 5.41 acres of land). Based on the deeds, Nguyen and Chicago own each property as joint tenants with right of survivorship.  (Doc. 84-1, pp. 5–10).  Therefore, the Petition sufficiently establishes the nature and extent of Nguyen's interest in the properties.  But the Petition fails to delineate the time and circumstances by which Nguyen acquired Sprinkle Avenue or the 5.41 acres.  The only factual context that the deeds provide is the date certain upon which transfer of ownership occurred.  Like the accounts, such bare-bones allegations fail to satisfy § 853(n)(3).

The Court recognizes that Nguyen filed a Supplemental and Amended Petition on the same day she filed her original petition. The Supplemental and Amended Petition does not lend Nguyen aid in meeting her statutory pleading requirement because Nguyen did not sign it under penalty of perjury before filing it with the Court.  Instead, it was only signed by counsel.  An interested third party's petition that is signed only by counsel cannot be considered in deciding a motion to dismiss and is grounds for dismissal. *United States v. Burge*, 829 F. Supp. 2d 664, 667 (D.C. Ill. 2011).  But even if the Supplemental and Amended Petition were considered, Nguyen still fails to satisfy § 853(n)(3).  The Supplemental and Amended Petition articulates that Chicago and Nguyen owned the property and were the "original mortgagor in 2001" and then modified the loan in 2007.  (Doc. 85, p. 5).  Nguyen claims this shows her ownership was in existence "before any of the

alleged illegal conduct took place," and she was unaware of Chicago's illegal activity

and never named as a result of the police investigation. *Id.* In all of this, however,

Nguyen fails to explain the time and circumstances of her Sprinkle Avenue

acquisition, which is apparently before 2001. That she acquired her interest in

Sprinkle Avenue prior to 2001 is unquestioned since she admits as much in her

response to the Government's Motion to Dismiss. (Doc. 112, p. 4). But beyond this,

the Supplemental and Amended Petition offers no basis for the time and

circumstances of Nguyen's Sprinkle Avenue acquisition. The same applies to the

5.41 acres. All that is provided is a deed but no explanation of the time and

circumstances of acquisition. Thus, Nguyen failed to satisfy the basic pleading

requirements for an interested third party to seek amendment of a court's

preliminary order of forfeiture in a criminal action. Her failure to satisfy the filing

requirements of § 853(n)(3) is grounds for dismissal. *United States v. Carvajal*,

2016 WL 7191687, at *1 (E.D. Tenn. Dec. 12, 2016); *see also Kokko*, 2007 WL

2209260, at *5 ("Failure to file a petition that satisfies the requirements of §

853(n)(3) is grounds for dismissal without a hearing.")

But even if Nguyen had meet the required pleading standard in § 853(n)(3),

her Petition and Supplemental and Amended Petition still do not meet the pleading

standard set forth in 21 U.S.C. § 853(n)(6).

## B. Pleading Requirement Under 21 U.S.C. § 853(n)(6)

To overcome a motion to dismiss her petition, a third party petitioner must

not only satisfy § 853(n)(3). A third party petitioner must also establish that she is

entitled to relief because her "legal right, title, or interest in the forfeited property meets the circumstances set forth in either Section 853(n)(6)(A) or Section 853(n)(6)(B), and therefore, [s]he must allege facts sufficient to state a claim under one of the two provisions." *Preston*, 123 F. Supp. 3d at 115; *see also United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013) ("The availability of a motion to dismiss indicates that to state a claim, one of the § 853(n)(6) bases must be pled.") Discussing a claim of interest under 21 U.S.C. § 853(n)(6), the Eleventh Circuit offered the following, in relevant part:

> [T]hird party petitioners can establish their interest in forfeited property in only two ways. *See United States v. Reckmeyer*, 836 F.2d 200, 203 (4th Cir. 1987) ("Subsection (n) provides the only means for third parties to establish their interest in forfeited property."). The statute provides:
>
>> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that–
>>
>> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>>
>> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>>
>> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

> Thus subsection (n)(6) protects only two classes of
> petitioners, those whose legal interest in the property
> were superior to the defendant[ ] at the time the interest
> of the United States vested through the commission of an
> act giving rise to the forfeiture and "bona fide purchasers
> for value" without knowledge of the forfeitability of the
> defendant's assets.
>
> *Reckmeyer*, 836 F.2d at 204; *see also United States v. Jimerson*, 5 F.3d
> 1453, 1455 (11th Cir. 1993).

*United States v. Kennedy*, 201 F.3d 1324, 1328–29 (11th Cir. 2000).

As the Government establishes, neither the Petition nor the Supplemental and Amended Petition cites the subsection of § 853(n)(6) Nguyen travels under as her basis for relief.  Further, the only language in either document alluding to the avenue of relief is a cursory statement in the prayer of relief of the Supplemental and Amended Petition.  *Compare* (Doc. 85, p. 7) (concluding Nguyen's "right, title, or interest … in the property made the subject of the" APOF "is separate or superior to the interests of" Chicago) *with* § 853(n)(6)(A) (a "right, title, or interest vested in the petitioner rather than the defendant was superior to any right, title, or interest ….") Nguyen's response to the Government's Motion to Dismiss lends no assistance in clearing up which subsection of § 853(n)(6) she relies upon.  *See, e.g.*, (Doc. 112, p. 3) (arguing that Nguyen took part in an arm's-length transaction as evidenced by the deeds); *id.* (arguing that Nguyen had no notice of Chicago's illegal activity); *id.* (relying on the temporal aspect of § 853(n)(6)(A)).  At least one court has found such a deficiency to be grounds for dismissal of a third party's petition in a criminal forfeiture proceeding.  *See Ceballos-Lepe*, 977 F. Supp. 2d at 1090.  But under a

generous interpretation of the Petition and Supplemental and Amended Petition, the Court will evaluate Nguyen's claims under both § 853(n)(6)(A) and § 853(n)(6)(B).

**i. Section 853(n)(6)(A)**

The Government contends that under no set of facts can Nguyen claim an interest in Sprinkle Avenue that qualifies for amendment of the APOF under § 853(n)(6)(A). (Doc. 109, p. 6). The deed Nguyen provided indicates that she holds Sprinkle Avenue as a joint tenant with right of survivorship, Chicago being her joint tenant. (Doc. 84-1, p. 5). Under Alabama law, "each tenant [in a joint tenancy] is seized of some equal share while at the same time each owns the whole." *Porter v. Porter*, 472 So. 2d 630, 634 (Ala. 1985). Simply put, neither Nguyen's nor Chicago's interest in Sprinkle Avenue is superior or dominant to the other. When a petitioner cannot show that her interest is superior to the joint tenant, she fails to satisfy § 853(n)(6)(A). *See Jimerson*, 5 F.3d at 1455.

Further, Nguyen's reliance on the temporal aspect of § 853(n)(6)(A) evaluated by *United States v. Hooper*, 229 F.3d 818 (9th Cir. 2000), is unavailing. *See* (Doc. 112, pp. 10–11). In *Hooper*, the Ninth Circuit illustrated that the temporal requirement of § 853(n)(6)(A)-"at the time of the commission of the acts which give rise to the forfeiture"-must be read in conjunction with "vested in the petitioner rather than the defendant" or, alternatively, "was superior to any right, title, or interest of the defendant." 229 F.3d at 821. Simply put, Nguyen must not only have had an interest prior to Chicago's criminal activity. Her interest must also be

greater than or dominant to Chicago's interest.

Here, the Petition establishes that Nguyen's interest was established prior to Chicago's criminal activity.  This, however, as *Hooper* illustrates, is only half the necessary analysis.  As established above, Alabama law bestows on Nguyen neither dominant title to Sprinkle Avenue nor a superior interest therein. Notwithstanding, Nguyen asserts that a question exists as to "what the Government might be able to do with Sprinkle Avenue" given she has a right of survivorship.  *See* (Doc. 112, p. 13).  In support, Nguyen cites *United States v. Certain Real Property located at 2525 Leroy Lane*, 910 F.2d 343, 353–54 (6th Cir. 1990), for the proposition that a survivorship interest constitutes a legal interest superior to that of Chicago.  (Doc. 112, p. 13).  Her position is unavailing for two reasons.  First, the present question is whether Nguyen stated facts upon which relief can be granted, not what the Government may be able to do with the forfeited property.  Second, the Eleventh Circuit has already concluded a right of survivorship does not impart a petitioner with an interest superior to the joint tenant.  *See Jimerson*, 5 F.3d at 1455.  In this matter, the Eleventh Circuit decision is binding.  The same outcome is reached in applying this analysis to the 5.41 acres of land contained within the APOF.  The deed clearly indicates that Chicago and Nguyen own the property as joint tenants with right of survivorship.  (Doc. 84-1, p. 7).

As to the personal property (money) within the APOF, Nguyen does not explain how the Petition or Supplemental and Amended Petition satisfy §

853(n)(6)(A) beyond concluding that she is "either the owner, co-owner, joint or equitable owner, with an interest as such in said property, because she is an innocent owner, or because she personally paid or contributed for some or all of the property, either in her own right or with income otherwise legitimately earned or obtained." (Doc. 85, pp. 11–12). Nguyen's response to the Government's Motion to Dismiss offers no assistance but merely parrots her earlier statement and directs the Court to filings by the Government in a separate civil forfeiture proceeding. Her assertions, again, are unavailing for two reasons. First, the Petition or Supplemental and Amended Petition must state facts indicating that the funds deposited into either account constituted funds within which Nguyen had a superior or dominant interest to state a claim under § 853(n)(6)(A). Conclusory assertions of ownership do not satisfy the pleading requirements in a criminal forfeiture proceeding. *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010). *See also United States v. Lazarenko*, 575 F. Supp. 2d 1139, 1151 (N.D. Cal. 2008) (denying a third party petitioner's claim as to money in two bank accounts where no evidence was presented that the seized funds were the petitioner's). Second, what may or may not have been filed by the Government in a separate proceeding has no bearing on whether Nguyen satisfied her pleading standard in the instant matter. Therefore, the Petition and Supplemental and Amended Petition fail to allege an interest in the property subject to the APOF that is superior or dominant to Chicago's at the time he committed his crimes, and, therefore, the pleadings fail to state a claim under § 853(n)(6)(A).

### ii. Section 853(n)(6)(B)

As a refresher, § 853(n)(6)(B) precludes from criminal forfeiture "a bona fide purchaser for value" who, at the time of purchase, was "reasonably without cause to believe that the property was subject to forfeiture."  21 U.S.C. § 853(n)(6)(B).  The Government contends, "Nowhere in either petition does Nguyen make any allegations that she is a bona fide purchaser of either the real properties for value, nor does she claim that she had no knowledge that the properties would be subject to forfeiture."  (Doc. 109, p. 7).  Nguyen responds that an arms'-length transaction and ownership is evidenced by the deeds.  (Doc. 112, p. 3).  She "is and at all material times was an innocent owner" of Sprinkle Avenue.  (Doc. 85, p. 5).  At no point was she on notice that the property was subject to forfeiture.  (Doc. 85, p. 5; Doc. 112, pp. 3, 11).

Despite Nguyen's contention otherwise, the Petition and Supplemental and Amended Petition plead no facts under which § 853(n)(6)(B) offers relief.  Section 853(n)(6)(B) protects only subsequent bona fide purchasers of "'*the defendant's interest*' in an asset."  *United States v. Soreide*, 461 F.3d 1351, 1356 (11th Cir. 2006) (quoting *Kennedy*, 836 F.2d at 1330 (11th Cir. 2000)); *see also Reckmeyer*, 836 F.2d at 208) (interpreting § 853(n)(6)(B) to reach "persons who [gave] value *to the defendant* in an arms'-length transaction with the expectation that they would receive equivalent value in return") (emphasis supplied).  Nguyen admits in her response that Sprinkle Avenue was purchased from a third party by the couple not long after they married in 1997.  (Doc. 112, p. 4).  The Petition, Supplemental and

Amended Petition, and deed do not propound facts that Nguyen, at some point, gave Chicago value for his interest in Sprinkle Avenue. Instead, Nguyen admits in her response that the couple purchased the property from a third person not long after marrying in 1997.

Additionally, the fact that she was a mortgagor on the property or did and continues to make the contractually required mortgage payments does not satisfy her pleading burden. *United States v. Soreide*, 2005 WL 8137780, at *7 (S.D. Fla. Mar. 25, 2005) (finding a petitioner was not a bona fide purchaser providing value even though she was a mortgagor and made payments as required by the mortgage contract). And the fact that Nguyen might have been innocent of Chicago's criminality does not plead facts establishing that she was without notice that Sprinkle Avenue was subject to forfeiture. *See Soreide*, 461 F.3d at 1354 (reasoning that "the criminal forfeiture statutes contain no provision for an 'innocent owner' defense for third parties"). The same conclusion is reached in regards to the 5.41 acres of land. The deed for the 5.41 acres evidences that Nguyen obtained her interest from a third party, not Chicago.

As to the personal property (money), neither the Petition nor the Supplemental and Amended Petition assert that Nguyen gave "any consideration for any interest [Chicago] may have had in the accounts[,] the funds deposited into the accounts," or the money confiscated at the Atlanta airport. *United States v. Guerra*, 216 F. App'x 906, 911 (11th Cir. 2007); *see also Lazarenko*, 575 F. Supp. 2d at 1151 (denying a third party petitioner's claim where there was no evidence

14

demonstrating the petitioner "gave anything of value to [the defendant] in exchange for the money being deposited gratuitously into its correspondent account"). Thus, on the face of the Petition or the Supplemental and Amended Petition, it is implausible that Nguyen was a bona fide purchaser for value of the real property or money without cause to the believe they were subject to forfeiture. The Petition and Supplemental and Amended Petition, therefore, fail to state a claim for relief under § 853(n)(6)(B).

## C. Equitable and Constitutional Arguments

Several pages of the Supplemental and Amended Petition apprise the Court of the undertakings in a separate civil forfeiture proceeding regarding Nguyen and the property contained within the APOF. *See* (Doc. 85, pp. 1–4). Therein, Nguyen contends that she reached a settlement with the Government regarding the properties discussed above. *Id.* at 3. She asks the Court to amend the APOF "so as to reflect, acknowledge and/or permit as appropriate the settlement between" the Government and herself in the civil action. *Id.* The Court, she contends, can undertake such amendment using its equitable powers. (Doc. 112, p. 8). An equitable amendment is justified because, as it relates to Sprinkle Avenue, the home is her only "means to maintain any reasonable shelter in the community" and provide a home for her children. (Doc. 85, p. 8). The Government responds that any negotiations were not final and, therefore, irrelevant. (Doc. 109, p. 11). And Nguyen's arguments sounding in equity offer no legal bases for her to claim relief. *Id.*

A review of the documentation attached to the Supplemental and Amended Petition shows that any negotiations in the civil matter were tentative. Nguyen's counsel even stipulates in a letter that settlement is "subject to the completion and execution of such final agreements." (Doc. 85-1, p. 1). Nguyen provided no such final agreements. Counsel for the Government in the civil matter also characterized any settlement as "tentative." *Id*. at 2. And earlier communications from the Government warned that the present criminal forfeiture proceeding "may impact [their] continued settlement discussion given that the" APOF had issued. *Id*. at 3– 4. More importantly, Nguyen offers no caselaw holding that tentative negotiations in a separate civil forfeiture matter has any bearing on whether she did or did not satisfy the pleading requirement in a separate criminal forfeiture proceeding.

As to her arguments sounding in equity, the Court understands the unfortunate nature of the proceeding and the impact forfeiture may have. However, the law is what the law is. Section 853(n)(6) identifies only two instances when a third party petitioner may exempt property from criminal forfeiture, neither of them based strictly on equitable principles. Moreover, Nguyen offers no caselaw upon which her equitable argument may be grounded. *See United States v. Hepp*, 2006 WL 1007640, at *3 (N.D.N.Y. Apr. 17, 2006) (rejecting an argument that a court can exercise equitable powers in deciding a motion to dismiss a third party petitioner's claim when the proponent of such powers cites no caselaw).[1]

---

[1] There is some caselaw holding that an equitable interest in property subject to criminal forfeiture may be exempted. *See, e.g.*, *United States v. Schwimmer*, 968 F.2d 1570, 1582 (2d Cir. 1992) (finding a constructive trust is an interest in

In the Supplemental and Amended Petition, Nguyen takes the United States to task arguing the absence of the "requisite nexus between the property or [Nguyen's] interest in the property and the criminal offenses alleged." (Doc. 85, p. 4). She also faults the APOF for a lack of specificity necessary to adequately respond to the criminal forfeiture action. *Id.* Forfeiture, she continues, would result in violation of several constitutional amendments and be "grossly disproportionate to the offense that allegedly gave rise to the forfeiture." *Id.* at 6. These arguments are improper because Nguyen lacks standing to challenge or relitigate the APOF's finding of forfeitability. *See United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012).

## D. Further Amendment of Her Claims

As an alternative basis for relief, Nguyen requests leave from the Court to amend her Petition as necessary to satisfy the statutory requirements of § 853(n). (Doc. 112, p. 2). The Government argues that amendment outside the statutory thirty-day period should not be allowed. (Doc. 115, p. 4). The Court agrees. "Courts typically look askance at belated attempts to add new or additional grounds for relief to third [ ] party petitions." *United States v. White*, 779 F. Supp. 2d 984, 990 n.5 (D. Minn. 2011). *See also, e.g.*, *Soreide*, 461 F.2d at 1355 (rejecting amendment outside the statutory thirty-day window to add a new basis for relief); *United States v. Klemme*, 894 F. Supp. 2d 1113, 1116–17 (E.D. Wis. 2012) (following

---

property that may be exempted from criminal forfeiture under § 853(n)). Such caselaw, however, offers no assistance. Nguyen does not allege an equitable interest in any property but asks the Court to act in equity and exempt property.

*Soreide*, the claimant could not file a supplemental pleading after the thirty-day window passed to add a new basis for relief).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion to Dismiss Nguyen's Petition and Supplemental and Amended Petition to amend the Court's APOF (Doc. 109).

**DONE and ORDERED** this 16th day of March, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE