IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 15-00168-CG |
| | ) | |
| | ) | |
| MANILA CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION TO RECONSIDER

This matter is before the Court on a motion for reconsideration or, alternatively, a motion to stay the criminal forfeiture proceeding or a preliminary injunction filed by third-party Petitioner Loan T. Nguyen ("Nguyen") (Doc. 118) and her brief in support (Doc. 118-1). The Government filed a response in opposition (Doc. 121), to which Nguyen replied (Doc. 122). Upon due consideration, the Court **DENIES** Nguyen's motion.

### I. BACKGROUND

Nguyen's third-party petition is the result of the criminal forfeiture proceeding attached to the criminal prosecution of her husband, Manila Chicago. Chicago pleaded guilty to certain charges in the Indictment, and the Government moved for a preliminary order of forfeiture as to property named in the Indictment and Bill of Particulars. (Doc. 77). After entry of the Preliminary Order of Forfeiture (Doc. 78) and Amended Preliminary Order of Forfeiture ("APOF") (Doc. 80), the Government notified Nguyen of the forfeiture proceeding. Nguyen filed a Petition (Doc. 84) and First Supplemental and Amended Petition (Doc. 85), to which

the Government filed a Motion to Dismiss (Doc. 109).  The Court granted the Government's motion as Nguyen failed to satisfy the pleading requirements of 21 U.S.C. § 853(n)(3) and failed to state a claim upon which relief may be granted under 21 U.S.C. § 853(n)(6).  (Doc. 117).  Now, Nguyen "submits that the Court's decision … is in error" and due to be reconsidered.  (Doc. 118-1, p. 2).

## II. ANALYSIS

The grant or denial of a motion to reconsider is left to the discretion of the trial court.  *Chapman v. AI Transport*, 229 F.3d 1012, 1023–24 (11th Cir. 2000) (en banc).  Such a motion may not be used as a vehicle to inject new arguments into the underlying motion or to submit evidence previously available but not properly presented on the underlying motion.  *May v. United Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).  Nor may it be used to "relitigate old matters."  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation omitted).  Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1379 (S.D. Ala. 2009).  "With regard to the third ground, the Court cautions that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be clear error of law is in fact simply a point of disagreement between the Court and the litigant."  *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).  This standard makes clear that reconsideration of a previous order is an

extraordinary remedy to be employed sparingly. *Nelson*, 668 F. Supp. 2d at 1379. Although this standard has traditionally been applied in civil cases, it is also applied to a third-party petitioner's reconsideration request in a criminal forfeiture action. *United States v. Gardiner*, No. 05-20893-CR, 2007 WL 2765574, at *5 (S.D. Fla. Sept. 20, 2007).

To begin, Nguyen argues that the Government did not request and the Court did not specify whether her Petition and First Supplemental and Amended Petition were dismissed with prejudice. (Doc. 118-1, p. 2). Indeed, neither the Government's motion nor the Court's Order explicitly addressed this matter. However, the Advisory Committee Notes for Federal Rule of Criminal Procedure 32.2(c) instruct that a motion to dismiss a third-party's petition in a criminal forfeiture proceeding is sufficiently analogous that "the Civil Rules may be followed." Fed. R. Crim. P. 32.2, Advisory Committee Notes, 2000 Adoption, Subdivision (c). As such, a motion to dismiss that attacks a third-party's petition as failing to state a claim upon which relief may be granted is treated like a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *United States v. Grossman*, 501 F.3d 846, 848 (7th Cir. 2007). An order on a Rule 12(b)(6) motion dismissing a case is a judgment on the merits. *See NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (reasoning that the Supreme Court has clearly stated that "the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits"). Therefore, the sufficiently analogous nature of a failure to state a claim under Rule 32.2 is also a judgment on the merits. "An adjudication on the merits is, in turn,

3

presumed to operate as a dismissal with prejudice unless the district court specifies otherwise." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, --- F. App'x ---, 2016 WL 7367778, at *4 (11th Cir. 2016). Thus, prejudice attached by way of the Court's earlier Order.

Next, Nguyen insists that reconsideration is due because her interest in the property "is superior to her husband's interest in her portion of the property" under 21 U.S.C. § 853(n)(6)(A). (Doc. 118-1, p. 3). Before addressing this argument, the Court notes that Nguyen does not specify to which property she refers. Nguyen only uses the indistinct noun "property," but she speaks to her "undivided ownership portion" and later discusses that she will be forced from her home if the Court does not reconsider its Order. Given this, the Court surmises that Nguyen only asks for reconsideration of the undersigned's § 853(n)(6)(A) analysis as it relates to the 13915 Sprinkle Avenue, Mobile, Alabama 36509 residence.

As the Court previously reasoned, Nguyen and her husband hold Sprinkle Avenue as joint tenants with a right of survivorship. Alabama law is clear that "each tenant [in a joint tenancy] is seized of some equal share while at the same time each owns the whole." *Porter v. Porter*, 472 So. 2d 630, 634 (Ala. 1985). When a petitioner cannot show that her interest is superior to her joint tenant, she fails to satisfy § 853(n)(6)(A). *See United States v. Jimerson*, 5 F.3d 1453, 1455 (11th Cir. 1993). Under this, the Court finds no clear error in its Order, and Nguyen offers no caselaw that calls for a different conclusion. She merely disagrees with the Court's holding and caselaw upon which the undersigned relied. This is an improper basis

4

for reconsideration.  Additionally, if Nguyen seeks reconsideration of the APOF as it relates to the contents of PNC Bank Account No. XXXXXX1595, which she mentions in her conclusion, she offers no basis upon which the Court's Order is in error, and the Court finds none.  Therefore, the Court **DENIES** Nguyen's request as it relates to § 853(n)(6)(B).

Next, Nguyen insists she "may also qualify as a bona fide purchaser for value of the title to and interest in the Sprinkle [Avenue] property, because she was at the time of purchase reasonably without cause to believe that the property was subject to any forfeiture under this section, and because the purchase predated any alleged criminal activity by [Nguyen]'s husband." (Doc. 118-1, p. 4).  She argues that the Court's conclusion that to qualify for amendment as a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B) that Nguyen must have purchased any interest from Defendant Chicago is not within the statute. *Id.*  In other words, she argues that the Court inappropriately added a statutory requirement she must satisfy. Notwithstanding, she admits the Eleventh Circuit Court of Appeals has interpreted § 853(n)(6)(B) to require the interest in question be purchased from the criminal defendant but urges the Court find such caselaw factually distinguishable and inapplicable. *Id.*  The Court declines to adopt this position for several reasons.

First, Nguyen offers no caselaw to support her interpretation.  Second, the Eleventh Circuit's unqualified interpretation of § 853(n)(6)(B) found it "to protect subsequent purchasers of '*the defendant's interest*' in an asset," not an interest purchased from any other individual. *United States v. Soreide*, 461 F.3d 1351, 1356

5

(11th Cir. 2006) (emphasis in original) (quoting *United States v. Kennedy*, 201 F.3d 1324, 1330 (11th Cir. 2000)). Moreover, the *Soreide* Court did not limit its holding to the facts of that case, as Nguyen requests, or consider the source of the purchase proceeds in deciding whether § 853(n)(6)(B) is satisfied, as Nguyen now insists is a distinguishing factor. Quiet simply, the only relevant factor in the *Soreide* Court's § 853(n)(6)(B) analysis was whether the third-party petitioner purchased an interest in the property from the criminal defendant or someone else. Thus, the Court **DENIES** Nguyen's Motion to Reconsider as it relates to § 853(n)(6)(B).

Nguyen also implores the Court revisit its conclusion in regard to her equitable and constitutional arguments. She explains that the Government intends to proceed with liquidating the Sprinkle Avenue property once a final order issues, which will leave her without her home or compensation and cause irreparable harm. (Doc. 118-1, p. 7). Therefore, she continues, the Court should step in and use its equitable powers to frustrate the Government's foreclosure or, at least, order a stay of the proceeding. *Id.* at 9.

For the first time in her Reply to the Government's opposition to reconsideration, Nguyen cites *Willis Management (Vermont), Ltd. v. United States*, 652 F.3d 236 (2d Cir. 2011), for the proposition that the Court has the power to act in equity to protect "her interest in the house." (Doc. 122, p. 4). *Willis Management (Vermont), Ltd.* offers Nguyen no safe harbor. As the Court previously reasoned in its Order, an equitable argument like the one in *Willis Management (Vermont), Ltd.* succeeds because the third-party petitioner has an equitable interest that satisfies

6

either § 853(n)(6)(A) or § 853(n)(6)(B).  In *Willis Management (Vermont), Ltd.*, the third-party petitioner had an interest in the subject property based on a constructive trust.  Here, Nguyen does not assert an interest based on a constructive trust.

> As to her request for a stay, the relevant statute provides, in pertinent part:
>
> Upon application of a person, other than the defendant or a person acting in concert with him or on his behalf, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the application demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

21 U.S.C. § 853(h).  Although the criminal forfeiture statute scheme clearly recognizes a stay may be appropriate in certain circumstances, it cannot be said that a stay is appropriate when the third-party petitioner's interest cannot be validated under § 853(n).  Indeed, the harm such a petitioner would suffer from the sale of any subject property "cannot be the type of harm envisioned in § 853(h) as warranting a stay of sale." *United States v. Carmichael*, 440 F. Supp. 2d 1280, 1282–83 (M.D. Ala. 2006).  Instead, a stay in such a case would serve no purpose but to effectuate an "'end run' around the explicit statutory requirements of § 853(n)." *Id.*  Therefore, Nguyen is not due a stay.

As to Nguyen's request to reconsider her constitutional argument, the Court finds no error in its earlier decision.  Nguyen "was provided notice of the forfeiture and she had an opportunity to petition the court pursuant to the provisions of 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c).  Accordingly, [Nguyen] has been afforded due process." *United States v. Signillito*, 938 F. Supp.

2d 877, 887 (E.D. Mo. 2013).

Thus, the Court finds Nguyen's Motion to Reconsider without merit.

### III. CONCLUSION

Given the above, Nguyen failed to show that an intervening change in law, new facts, clear error, or manifest injustice dictate reconsideration of the Court's Order and Memorandum Opinion granting the Government's Motion to Dismiss. The Court, thereby, **DENIES** Nguyen's motion (Doc. 118).

**DONE** and **ORDERED** this 5th day of May, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE