IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 15-00168-CG |
| | ) | |
| MANILA CHICAGO, | ) | |
| Defendant. | ) | |

## ORDER ON MOTION FOR RETURN OF PROPERTY

This matter is before the Court on a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g) filed by Defendant Manila Chicago ("Chicago") (Doc. 123) and the Government's response in opposition (Doc. 126). For the reasons stated below, Defendant's motion is denied.

## I. PROCEDURAL BACKGROUND

In July 2015, the grand jury returned a sixteen-count indictment against Chicago. (Doc. 1). Within the Indictment, the Government declared that it would seek criminal forfeiture of any property "constituting or derived from" any criminal proceeds or any property used to facilitate or commit the statutory violations outlined in the Indictment. *Id.* at 7–9. Criminal forfeiture was sought pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982. The Government supplemented its forfeiture notice in a bill of particulars to include specific additional property. (Doc. 27). An Amended Bill of Particulars was filed adding more specific property. (Doc. 32). Like the Indictment, the Bill of Particulars and Amended Bill of Particulars specified that any forfeiture would be pursuant to 21 U.S.C. § 853 and/or 18 U.S.C.

§ 982. In June 2016, Chicago and the Government entered into a plea agreement; Chicago pleaded guilty to three counts in the Indictment. (Doc. 70). In the Plea Agreement, Chicago agreed to "confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities …." *Id.* at 6.

Upon Chicago's plea, the Government moved for a preliminary order of forfeiture. (Doc. 77). The Court entered a Preliminary Order of Forfeiture (Doc. 78) and Amended Preliminary Order of Forfeiture ("APOF") (Doc. 80). Within the APOF, the Court found Chicago's interest in the following property forfeited to the Government:

1. The contents of PNC Bank Account No. XXXXXX7406, a joint checking account held in the names of Manila Chicago and/or Loan Nguyen;

2. The contents of PNC Bank Account No. XXXXXX1595, a checking account held in the name of Loan Nguyen;

3. The residence of real property at 13915 Sprinkle Avenue, Mobile Alabama, 36509;

4. The real property identified as Mobile County Parcel # R021309320000107.02 containing approximately 5.41 acres and legally described as following:

    COMG AT THE INT OF THE N/L OF THE S1/2 PF SEC 32, R2W, 7 THE E ROW/L OF U.S. HWY 45 RUN 06 DEG 08MIN 58 SEC W ALG SD E ROY/L 441.77 FT TO THE POB OF THE PARCEL HEREIN DESC.;

5. One black 2014 Ford Mustang Coupe, VIN 1ZVBP8CF7E5280204;

6. One Husqvarna lawn tractor, Model M-ZT61, Serial No. 042514B002339, including Kawasaki engine with Serial No. FS691VA29169; and

      7. $14,769.00, more or less, in United States Currency.

(Doc. 80, pp. 2–3).

On September 27, 2016, the Court sentenced Chicago to 111 months imprisonment. (Doc. 95). The Court incorporated the APOF in the Judgment and Commitment Order. *Id.* Now, Chicago moves the Court for return of the items contained within the APOF because, as he argues, the Government failed to provide him sufficient notice of the forfeiture proceedings.[1] Thus, he continues, his right to due process under the Fifth Amendment has been violated.

## II. ANALYSIS

To begin, Chicago argues that this Court has the power to return any of the property contained within the APOF pursuant to Federal Rule of Criminal Procedure 41(g). Rule 41(g) states, "A person aggrieved by an unlawful search and seizure of property or the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). Although this Court may have the power to return property to a defendant in some instances, Chicago's is no such case. A criminal defendant cannot use Rule 41(g) to challenge a criminal forfeiture order. *Young v. United States*, 489 F.3d 313, 315 (7th Cir. 2007) ("Rule 41 may be invoked 'after criminal proceedings have concluded to recover the defendant's property when the property is no longer needed as evidence—*unless, of course, it has been forfeited in*

---

[1] It is unclear whether Chicago takes issue with all of the property the APOF addresses or just the property the APOF addresses that was the subject of the Government's Bill of Particulars and Amended Bill of Particulars. Since Chicago filed the present motion *pro se*, the Court liberally construes his argument to include all property in some ways and limited to just the property within the Bill of Particulars and Amended Bill of Particulars in others. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008) (construing a *pro se* filing in a liberal manner).

*the course of those proceedings.'")* (emphasis in original) (quoting *United States v. Sims*, 376 F.3d 705, 798 (7th Cir. 2004)); *see also United States v. Guerra*, 426 F. App'x 694, 697 (11th Cir. 2011) (finding *Young*'s holding is "persuasive authority" for the proposition just stated). Therefore, the Court finds that Rule 41(g) does not offer Chicago a means to seek the relief he requests.

But even if Rule 41(g) did provide a means for relief, Chicago's arguments for relief under that rule would still be unavailing. For instance, Chicago argues that the property contained within the Bill of Particulars and Amended Bill of Particulars is due to be returned because he "did not know of the seizure within sufficient time" pursuant to 18 U.S.C. § 983. (Doc. 123, p. 4). This property corresponds with items 4, 5, 6, and 7 of the APOF, which are outlined above.

Section 983 is inapplicable because it is "the exclusive remedy for seeking to set aside a declaration of forfeiture *under a civil forfeiture statute*." 18 U.S.C. § 983(e)(5) (emphasis supplied). This is a criminal forfeiture proceeding, not a civil forfeiture proceeding. The Court did not rely upon civil forfeiture statutes or rules in finding any property forfeited. Instead, the Court "**ORDERED, ADJUDGED AND DECREED**, that pursuant to Title 18, United States Code, Section 982(a) and Title 21, United States Code, Section 853, and Federal Rule of Criminal Procedure 32.2(b)," the property within the Bill of Particulars and Amended Bill of Particulars "is forfeited to the United States, for disposition according to the law." (Doc. 80, p. 2). Section 982(a), § 853, and Rule 32.2(b) are all criminal in nature and applied to a criminal forfeiture proceeding. Therefore, the Government was not bound to abide by § 983, a civil statute, as Chicago contends. *See Winkelman v. United States*, 494

4

F. App'x 217, 219 n.3 (3rd Cir. 2012) (reasoning that § 983 is inapplicable when evaluating a criminal forfeiture that was part of the sentence imposed upon conviction); *United States v. Varnedoe*, No. 3:08-cr-407-J-32JRK, 2016 WL 1665161, at *1 (M.D. Fla. Apr. 27, 2016) (finding a forfeiture order issued pursuant to 21 U.S.C. § 853 in a criminal matter could not be challenged by 18 U.S.C. § 983, which pertains to civil forfeiture proceedings).

Next, Chicago argues that "the government failed to provide adequate notice of the administrative forfeiture proceedings" as required by 19 U.S.C. § 1607. (Doc. 123, p. 6). Under § 1607, Chicago continues, the government was required to (1) publish notice of the forfeiture in accordance with the statute and (2) provide him with written notice of the proceeding. *Id.* Chicago contends the Government did neither of these things. *Id.*

Chicago's 19 U.S.C. § 1607 argument fails for a reason very similar to his § 983 argument. Section 1607 addresses the notification requirements an administrative agency must satisfy when it seeks forfeiture of property.[2] Section 1607 neither addresses nor applies in a criminal forfeiture proceeding made part of a defendant's sentence. Therefore, the Government was not required to provide Chicago notice commensurate with § 1607. And the caselaw Chicago cites does not call for a different conclusion. Instead, each case points out that the individual in each instance attacked the notice provided by an administrative body in an

---

[2] Chicago tries to raise a Fifth Amendment Due Process Clause argument under § 1607, pursuant to *Mullan v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). This argument is more appropriately analyzed under the Federal Rules of Criminal Procedure since, as discussed below, § 1607 has no applicability in a criminal forfeiture proceeding.

5

administrative forfeiture proceeding, not in a criminal forfeiture proceeding. *See United States v. Clark*, 84 F.3d 378 (10th Cir. 1996) (FBI sought forfeiture of money in an administrative proceeding); *United States v. Borromeo*, 945 F.2d 750 (4th Cir. 1991) (Government brought civil forfeiture action based on assets tainted by individual's drug distribution crimes); *Pou v. U.S. Drug Enforcement Admin.*, 923 F. Supp. 573 (S.D. N.Y. 1996) (DEA sought forfeiture of money seized from Pou in an administrative proceeding).

Lastly, Chicago argues that the Government violated Federal Rule of Criminal Procedure 7(c)(2) by failing to include in the Indictment the "extent of interest or property subject to forfeiture." (Doc. 123, p. 8). Here, Chicago maintains, the Indictment does not allege forfeiture of items 4, 5, 6, and 7 of the APOF. *Id.* Chicago insists forfeiture of these items is a violation of the Due Process Clause of the Fifth Amendment.

Reviewing Federal Rule of Criminal Procedure 7(c)(2), the Court finds Chicago's argument misplaced. Rule 7(c)(2) states, "Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." FED. R. CRIM. P. 7(c)(2). It is clear from the language of Rule 7(c)(2) that it is inapplicable. However, the Court liberally construes Chicago's motion to mean that he intended to argue the Government failed to comply with Federal Rule of Criminal Procedure 32.2(a) when it did not specifically identify items 4, 5, 6, and

7 of the APOF in the Indictment.[3]

> Rule 32.2(a) states, in its entirety:
>
> A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute. The notice should not be designated as a count of the indictment or information. *The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.*

FED. R. CRIM. P. 32.2(a) (emphasis supplied). Rule 32.2(a) has "the force and effect of law. Just as a statute, the requirements promulgated" in Rule 32.2(a) "must be obeyed." *United States v. Marion*, 562 F.3d 1330, 1339 (11th Cir. 2009).

It is clear from the plain language of Rule 32.2(a) that the Government was not required to specifically identify the property it sought forfeiture of as long as it gave notice to Chicago that it would "seek the forfeiture of property as part of" his sentence in accordance with 18 U.S.C. § 982(a) and 21 U.S.C. § 853. Indeed the Advisory Committee Notes for Rule 32.2(a) support this conclusion:

> Subdivision (a) is derived from Rule 7(c)(2) which provides that notwithstanding statutory authority for the forfeiture of property following a criminal conviction, no forfeiture order may be entered unless the defendant was given notice of the forfeiture in the indictment or information. As courts have held, subdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment or information itself.

FED. R. CRIM. P. 32.2(a), Advisory Committee Notes, 2000 Amendment. More

---

[3] It appears that Chicago references an earlier version of Rule 7(c)(2) in his motion. In 2000, Rule 7(c)(2) was amended to "reflect new Rule 32.2, which now governs criminal forfeiture procedures." FED. R. CRIM. P. 7, Advisory Committee Notes, 2000 Amendments. In 2009, Rule 7(c)(2) language regarding forfeiture was removed as obsolete and repetitious of Rule 32.2. FED. R. CRIM. P. 7, Advisory Committee Notes, 2009 Amendments.

7

simply, "the indictment or information need only provide *general notice* that the government is seeking forfeiture, without identifying the specific property being sought." FED. R. CRIM. P. 32.2(a), Advisory Committee Notes, 2009 Amendment (emphasis supplied); *see also United States v. Hampton*, 732 F.3d 687, 690–91 (6th Cir. 2013) (concluding that an indictment that notifies a defendant that the government will seek forfeiture under the applicable statute need not identify the specific property in order to provide adequate notice). Even so, if a question of notice arises, a bill of particulars that lists specific property can provide a criminal defendant all the notice he or she is due. *See, e.g.*, *United States v. Moffitt, Zwerdling, & Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996) (holding that the government need not list each asset subject to forfeiture in the indictment because notice can be provided in a bill of particulars); *United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 944 (N.D. Ill. 2001) (directing the government to identify in a bill of particulars, at least 30 days before trial, the specific items of property, including substitute assets, that it claims are subject to forfeiture).

Here, the Indictment included specific notice that the Government would generally seek forfeiture and went on to specifically name items 1, 2, and 3 of the APOF. There can be no question that Chicago received general notice of the forfeiture proceeding through this inclusion. Further, the Government later filed the Bill of Particulars and Amended Bill of Particulars explicitly stating it sought forfeiture of items 4, 5, 6, and 7 of the APOF. Therefore, Chicago was aware the Government sought forfeiture of items 4, 5, 6, and 7 of the APOF approximately eight months before he entered his guilty plea. This is more than Rule 32.2(a)

8

requires and is all the notice Chicago was due in this case. Thus, based on the facts of this case, Chicago's Fifth Amendment Due Process Clause argument is without merit.

## III. CONCLUSION

Rule 41(g) is an inappropriate basis for Chicago to challenge either this Court's APOF or the Government's notification of the criminal forfeiture proceeding. Additionally, Chicago cannot recruit help from civil forfeiture statutes and place civil notification requirements on the Government in this criminal forfeiture proceeding. Rule 32.2(a) requires an indictment or information contain general notice that forfeiture of property will be sought as part of a defendant's sentence. An indictment or information need not specifically identify the property. Even so, the Government provided Chicago notice of all the property it sought forfeiture of in the Indictment, Bill of Particulars, and Amended Bill of Particulars. Chicago was due no more. Therefore, Chicago's Motion for the Return of Property (Doc. 123) is **DENIED**.

**DONE** and **ORDERED** this 11th day of July, 2017.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE