IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CRIMINAL NO. 15-00168-CG |
| | ) | |
| MANILA CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED FINAL ORDER OF FORFEITURE**

This matter is before the Court on the United States' and Loan Nguyen's Joint Motion for Amended Final Order of Forfeiture. (Doc. 154).

The original Final Order of Forfeiture was entered in this case on May 26, 2017. (Doc. 128). Claimant Loan Nguyen, wife of Defendant Manila Chicago, filed an appeal (Doc. 129) that same day due to the Court's denial of her motion for reconsideration concerning the forfeiture and denial of her claims to certain assets at issue in this case. (Docs. 118, 125).

On appeal, and upon consideration of a motion by Nguyen to stay execution of a forfeiture sale, the 11th Circuit Court of Appeals requested special briefing as to the property and residence at 13915 Sprinkle Avenue in Bayou La Batre, Alabama. (Doc. 135). In its response, the United States conceded error as to its position that it could criminally forfeit the entire property and residence despite Nguyen's pre-existing undivided one half interest in that property. (*See* doc. 138).

The case was then remanded from the 11th Circuit Court of Appeals back to this Court with the specific finding that Nguyen's "interest in the residence is not subject to criminal forfeiture", and instructing this Court to "to conduct any necessary additional

1

proceedings to account for Appellant's [Nguyen's] interest in the residence and any other property subject to forfeiture in which she may retain an interest." (Doc. 138).

After remand, and upon this Court's order (Doc. 139), the United States filed a statement of its position on the status of the forfeiture proceedings (titled as a "response") (Doc. 147) and Nguyen filed a "reply" (Doc. 148), with each party arguing their respective positions as to how the Court should resolve the forfeiture proceedings in this case following the remand.

Prior to the appeal, the United States published notice in accordance with the applicable rules as set forth in its original Motion for Final Order of Forfeiture (Doc. 127), and the deadline for anyone who received such notice has long since expired. Pursuant to 21 U.S.C. §853(n), any third parties asserting a legal interest in the below-listed forfeiture property were entitled to a judicial determination of the validity of the legal claims or interests they asserted. The third parties who asserted their interests in the time required were:

- Regions Bank ("Regions"), the sole lien holder as to the black 2014 Mustang Coupe (Doc. 101);

- Ditech Financial, LLC, ("Ditech") as the sole mortgagee of 13915 South Sprinkle Avenue, Bayou La Batre, Alabama, more specifically described as Lot 1, Sprinkle's First Addition to Bayou La Batre, according to the plat thereof at in Map Book 67, Page 73 of the records of the Office of the Judge of Probate of Mobile County, Alabama (Doc. 94); and

- Loan T. Nguyen ("Nguyen"), Manila Chicago's wife, who asserted an interest in several of the assets. (Docs. 84, 85).

The United States previously reached settlements with Regions and Ditech concerning their petitions. (Docs. 110 and 113). Now, the United States and Nguyen

have also reached a settlement, as reflected in the stipulated settlement agreement filed with this Court (Doc. 153), and the United States and Nguyen jointly seek an amended final order of forfeiture from this Court.

The United States has met all statutory requirements for the forfeiture of the below-described property. With all ancillary proceeding petitions settled or fully adjudicated, the ancillary proceeding is at its end, and this matter is ripe for entry of an amended final order of forfeiture, amending the Amended Preliminary Order of Forfeiture to account for the valid interests of third parties in accordance with Rule 32.2(c)(2) and in due consideration of the instructions to this Court on remand from the 11th Circuit, the applicable facts and the law, and the settlement agreements of the parties.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, is it **ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

Pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. §853, and Rule 32.2(c)(2), the below- listed property is forfeited to the United States for disposition according to law:

(a) **One Husqvarna lawn tractor, Model M-ZT61, Serial Number: 042514B002339, including a Kawasaki engine with Serial Number FS691VA29169;**

(b) **The residence and real property at 13915 Sprinkle Avenue, Bayou La Batre, Alabama, in Mobile County, Alabama, legally described as Lot. No. 1, SPRINKLE'S FIRST ADDITION TO BAYOU LA BATRE, according to the plat thereof recorded in Map Book 67, Page 73, of the records in the Office of the Judge of Probate Court, Mobile County, Alabama;**

(c) **The real property identified as Mobile County Parcel # R021309320000107.02 containing approximately 5.41 acres and legally described as follows:**

**Commencing at the intersection of the North line of the South Half of Section 32, Township 1 South, Range 2 West, Mobile County, Alabama and the East right of way line of U. S. Highway 45; run South 06 degrees 08'58" West along**

said East right of way line, 441.77 feet to the point of beginning of the parcel herein described; thence run North 89 degrees 43'37" East, 1060.61 feet to a point; thence run South 07 degrees 06'06" West, 221.50 feet to a point; thence run South 89 degrees 43'37" West, 1056.91 feet to a point on said East right of way line; thence run North 06 degrees 08'58" East along said East right of way line, 221.08 feet to the point of beginning. All according to survey by Polysurveying dated September 24, 2009;

(d) **The Contents of PNC Bank account ending in 7406, held in the names of Manila Chicago and Loan T. Nguyen;**

(e) **The Contents of PNC Bank account ending in 1595, held in the name of Loan T. Nguyen; and**

(f) **$14,769.00, more or less, in U.S. Currency.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all right, title and interest to the above described property is hereby condemned, forfeited, and vested in the United States of America and shall be disposed of according to law; and,

**IT IS FURTHER ORDERED** that the United States Marshals Service take the above-described property into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that pursuant to Title 21, United States Code, Section 853(n)(7), the United States of America has clear title to the above-described property that is the subject of this Order and may warrant good title to any subsequent purchaser or transferee; and,

**IT IS FURTHER ORDERED** that Loan Nguyen shall provide any information and execute any documents necessary to facilitate the sale(s) for each piece of real property.

**IT IS FURTHER ORDERED** that, pursuant to 21 U.S.C. § 853(h) and the United States and Nguyen's stipulated settlement agreement, the United States shall attempt to sell the residence and real property at 13915 Sprinkle Avenue, Bayou La Batre, Alabama in a

4

commercially feasible manner and divide the net proceeds – which shall include the sales price(s) less the satisfaction of all liens[1] and taxes, and the costs of possession, maintenance, repair, marketing, and sale of the properties – equally with Claimant Loan Nguyen. However, in light of Nguyen's separate conviction in this district (*see* Case No. 15-cr-00169-CG-B, Doc. 59) and the restitution that she owes to the United States (totaling $10,293.25 as of January 22, 2019), the United States Marshal's Service shall pay Nguyen's one half share of the net proceeds, up to the full amount if necessary, to the Clerk of Court to apply to the restitution then owed by Nguyen to the United States upon the sale of the property. Any remainder over and above the amount of restitution then owed shall be paid directly to Nguyen.

**IT IS FURTHER ORDERED** that should Nguyen's one half share of any net proceeds from the sale of the property at 13915 Sprinkle Avenue as detailed above net insufficient monies to satisfy Nguyen's then remaining restitution obligation in Case No. 15-cr-00169-CG-B, or should the property remain unsold and be returned to Ditech or other lien or mortgage holder, the United States Marshal's Service shall pay any such monies as necessary from the contents of PNC Bank account ending in 7406, held in the names of Manila Chicago and Loan T. Nguyen to the Clerk of Court to fully satisfy the restitution that then remains owing by Nguyen to the United States in said case.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), the Amended Preliminary Order of Forfeiture became final as to the defendant at the time of sentencing and was orally made a part of the sentence and included in the judgment upon

---

[1] Specifically, the U.S. Marshal's Service shall pay Ditech pursuant to the terms of the settlement agreement between the United States and Ditech. (Doc. 113). The Amended Preliminary Order is hereby **ordered** amended to account for the third party interest of Ditech in accordance with its settlement agreement with the United States.

timely request by the Government.

**IT IS FURTHER ORDERED** that as to the **One black 2014 Ford Mustang Coupe, VIN # 1ZVBP8CF7E5280204,** pursuant to the settlement agreement between the United States and Regions, the United States Marshals Service is **ordered** to return the vehicle to Regions as soon as practicable, if it has not already done so, with all parties to bear their own costs as they agreed. (Doc. 110).

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE** and **ORDERED** this 6th day of February, 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE